# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-1315

**STATE OF LOUISIANA**

**VERSUS**

**ROBERT ELIJAH LAMAR MINCEY, A/K/A ROBERT BRYANT**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18494-06
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

**AFFIRMED.**

**John Foster DeRosier**
**District Attorney - 14th Judicial District Court**
**Carla S. Sigler**
**Assistant District Attorney - 14th Judicial District Court**
**P. O. Box 3206**
**Lake Charles, LA 70602-3206**
**Telephone: (337) 437-3400**
**COUNSEL FOR:**
    **Plaintiff/Appellee - State of Louisiana**

**Mary E. Roper**
**Louisiana Appellate Project**
**830 Main Street**
**Baton Rouge, LA 70802-5597**
**Telephone: (225) 387-6600**
**COUNSEL FOR:**
    **Defendant/Appellant - Robert Elijah Lamar Mincey, a/k/a Robert**
    **Bryant**

**Robert Elijah Lamar Mincey**
**CBC - U-R-9**
**Louisiana State Prison**
**Angola, LA  70712**

**THIBODEAUX, Chief Judge.**

The Defendant, Robert Elijah Lamar Mincey, a/k/a Robert Bryant, appeals his jury conviction for manslaughter on the basis that the evidence was insufficient to disprove his claim of self-defense. We affirm.

## FACTS

In September of 2006, the victim, Jerome Dejean, was at a nightclub called "Club 69" on Highway 90 in Calcasieu Parish. His girlfriend, Ashley Garcia, and two male friends, Kevin "Sandez" Doucet and Phillip "Smurf" Jones were also there. Defendant was at the same nightclub with his sister, Nashayla Norman, and his mother, Tracey Bryant. The Defendant apparently bumped into Dejean on his way to and from the bathroom. Words were exchanged, and the Defendant ultimately walked out of the club followed by his mother, Doucet, and Jones.

Doucet and Jones confronted the Defendant about the bumping incident. An argument ensued, and the Defendant advised them that he was in possession of a gun. According to the Defendant's mother, Jones told Defendant, "N....r, show us what you got. We don't care about what you got, we got heat."

Dejean then came out of the club and also confronted the Defendant. The Defendant's mother intervened and attempted to mediate the escalating dispute by standing between the Defendant and Dejean. She placed her hand on Dejean's chest. He pushed her hand aside and attempted to punch the Defendant. The Defendant shot him in the chest and fled. According to the Defendant's mother, Dejean was in "mid-swing whenever he got shot."

## LAW AND DISCUSSION

Defendant argues the evidence was insufficient to support his conviction. The analysis for such claims is well-established:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

Defendant does not deny that he shot and killed the victim, nor did he deny it at trial. Rather, he argues that the State failed to disprove that he acted in self-defense. Killing in self-defense is governed by La.R.S. 14:20(A), which states, in pertinent part, "[a] homicide is justifiable: (1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm *and* that the killing is necessary to save himself from that danger." (Emphasis added).

Defendant contends that the killing was justifiable because he had his back against the wall, and was surrounded by the victim and the victim's two friends, Doucet and Jones. Further, he contends that shooting the victim was the only way he could escape.

The Defendant's claim that Jones had a firearm was disputed by both Doucet and Jones at trial. The evidence given by his own mother defeats his claim

of justifiable self-defense. The essence of his defense is that he was justified in responding to an attempted punch by shooting his opponent in the chest at close range. We recognize that Dejean had two friends with him. Thus, Defendant may have genuinely felt endangered; further, some level of fear was objectively reasonable. However, the level of force he used to defend himself was far beyond what was necessary under the circumstances.

In the context of self-defense in a manslaughter prosecution, our court has observed in *State v. Griffin*, 06-543, pp. 12, 14 (La.App. 3 Cir. 9/27/06), 940 So.2d 845, 851, 854, *writ denied*, 07-2 (La. 9/14/07), 963 So.2d 995, the following:

> The State had the burden of proving the Defendant did not stab Marcus Conway in self-defense; therefore, we must determine whether the Defendant reasonably believed that he was in imminent danger of losing his life or receiving great bodily harm and that killing Marcus was necessary to save himself from that danger. The standard in La.R.S. 14:20 is whether the Defendant's subjective belief that he was in danger was reasonable. *State v. Brown*, 93-1471 (La.App. 3 Cir. 5/4/94), 640 So.2d 488.
>
> > Factors to consider in determining whether a defendant had a reasonable belief that the killing was necessary are the excitement and confusion of the situation, the possibility of using force or violence short of killing, and the defendant's knowledge of the assailant's bad character. *State v. Hardeman*, 467 So.2d 1163 (La.App. 2d Cir. 1985). Although there is no unqualified duty to retreat, the possibility of escape is a factor to consider in determining whether a defendant had a reasonable belief that the use of deadly force was necessary to avoid the danger. *State v. Brown*, 414 So.2d 726 (La.1982).
> >
> > *State v. Spivey*, 38,243, p. 6 (La.App. 2 Cir. 5/12/04), 874 So.2d 352, 357.
> >
> > In cases where the defendant claims self-defense as a justification, the absence of a weapon from the victim's person or immediate reach is often a critical element of

the state's proof. See *State v. Davis*, 28,662 (La.App. 2d Cir. 9/25/96), 680 So.2d 1296.... The absence of weapon on the victim, however, is not dispositive of the issue. . . .

*State in Interest of D.S.*, 29,554, p. 3 (La.App. 2 Cir. 5/7/97), 694 So.2d 565, 567.

. . . .

By returning the guilty verdict, the jury obviously did not believe the Defendant acted in self-defense. We find that a rational fact finder, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that the State proved the homicide was not committed in self-defense. Accordingly, this assignment of error lacks merit.

Defendants in this case and in *Griffin* used deadly force against what were unarmed attacks. Thus, as in *Griffin*, the jury in the present case could rationally have concluded that Defendant did not act in self-defense.

This analysis applies even if the jury believed the testimony of Defendant's most favorable witness, Ms. Bryant, the Defendant's mother. Of course, the State presented evidence that was less favorable to Defendant. Jones testified that Defendant walked to the bar's bathroom, and bumped into the victim, then bumped into the victim again on his way back. The victim then told him to watch where he was going, "[a]nd the dude got crazy." According to Jones, Defendant indicated that he wanted to resolve the issue outside, so Jones and Doucet followed him out of the bar. When they arrived outside, Defendant got near a wall and put his hand under his shirt. Jones testified that he saw Defendant had a gun, so then he and Doucet began backing up. The victim then came out and got in front of Defendant. When the victim touched his hat, Defendant shot him. Jones opined that the victim did not see the gun in Defendant's waistband. Doucet's testimony was similar, although he

acknowledged that he did not see the initial jostling that apparently triggered the incident.

Defendant did not deny shooting and killing the victim. His defense was justification. However, as mentioned earlier, responding to an oncoming punch by shooting the other person in the chest is an excessive response. Thus, the jury's determinations in the present case were not unreasonable. Therefore, the Defendant's reliance on self-defense is meritless.

## CONCLUSION

For the foregoing reasons, the Defendant's conviction is affirmed.

**AFFIRMED.**