STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-155

STATE OF LOUISIANA

VERSUS

ROBERT ELIJAH LAMAR MINCEY, A/K/A ROBERT BRYANT

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 5085-08
HONORABLE ROBERT LANE WYATT, DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Jimmie C. Peters, Judges.

                                        AFFIRMED AS AMENDED.

        John Foster DeRosier
        District Attorney - 14th Judicial District Court
        Carla S. Sigler
        Assistant District Attorney - 14th Judicial District Court
        P. O. Box 3206
        Lake Charles, LA 70602-3206
        Telephone:  (337) 437-3400
        COUNSEL FOR:
                Plaintiff/Appellee - State of Louisiana

        Mary E. Roper
        Louisiana Appellate Project
        830 Main Street
        Baton Rouge, LA 70802-5597
        Telephone:  (225) 387-6600
        COUNSEL FOR:
                Defendant/Appellant - Robert Elijah Lamar Mincey, a/k/a Robert
                Bryant

**THIBODEAUX, Chief Judge.**

The Defendant, Robert Elijah Lamar Mincey, a//k/a Robert Bryant, was adjudicated to be a second habitual offender[1] and sentenced to serve fifty years at hard labor, without benefit of parole, probation, or suspension of sentence on an underlying manslaughter conviction.[2] On appeal, he argues that his sentence is excessive. We disagree and affirm.

## LAW AND DISCUSSION

Pursuant to La.R.S. 14:31, the underlying manslaughter conviction subjected Defendant to a term of up to forty years. Therefore, as a second habitual offender, La.R.S. 15:529.1(A)(2)(a) subjected him to a term between twenty and eighty years. Thus, his sentence falls in the middle of that range. This court has observed:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

---

[1]On April 19, 2004, he was convicted of possession of cocaine, a felony, in California.

[2]That conviction is the subject of our opinion in *State v. Robert Elijah Lamar Mincey, a/k/a Robert Bryant*, 08-1315 (La.App. 3 Cir. 6/__/09), ___ So.2d ___.

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

> In *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, [58], *writ denied*, 99-0433 (La. 6/25/99), 745 So.2d 1183, our colleagues on the Fifth Circuit Court of Appeal noted three factors the appellate court should consider in reviewing a judge's sentencing discretion. They are:
>
> > 1. the nature of the crime,
> >
> > 2. the nature and background of the offender, and
> >
> > 3. the sentence imposed for similar crimes by the same court and other courts.
>
> *State v. Telsee*, 425 So.2d 1251 (La.1983); *State v. Richmond*, 97-1225 (La.App. 5 Cir. 3/25/98), 708 So.2d 1272.

*State v. Baker*, 06-1218, pp. 7-8 (La.App. 3 Cir. 4/18/07), 956 So.2d 83, 89, *writ denied*, 07-320 (La. 11/9/07), 967 So.2d 496, and *writ denied*, 07-1116 (La. 12/7/07), 969 So.2d 626.

The trial court's comments during sentencing touched on the first two factors cited in *Baker* and *Lisotta*:

> This Court determined there is a prior felony that it will take into consideration for enhancement purposes.
>
> Under the circumstances for regular Manslaughter, under these circumstances this young man could have been sentenced from zero to 40 years.
>
> With the enhancement on the 529.1, the penalty then escalates to no less than one half, which is 20 years to up to twice, which is up to 80 years.
>
> So that's the territory that this Court is looking for when it comes to sentencing regarding you, Robert.
>
> As to the Dejean family, I can't give you what you want. What you want is your son back, I can't give you

your son back. Ms. Bryant, I can't give you your son back either because he's got to pay for what he's done.

What's really so tragic in this situation is that the person who had the least to do with anything that caused this situation to escalate into somebody being shot is the one that got shot.

He had the least to do with what was going on, walked out and took a bullet to the chest that killed him, by the coroner's estimations, instantly.

The aggravating circumstances this Court has heard and recognizes is that under the circumstances from the shooting that night there was a very real risk of harm to others besides the victim. Under the close quarters that this shooting took place, it's remarkable that somebody else wasn't killed also.

Of course, the very fact that there was a handgun that was used means a dangerous weapon was used to commit this crime.

Other circumstances that this Court takes into consideration is the situation regarding where this young man, Mr. Mincey, almost immediately upon getting to Lake Charles from California arms himself with a weapon and for all intents and purposes, has set up shop to start selling drugs.

Of course, this Court would be remiss in not taking into consideration the things it must take into consideration regarding the nonaggravating circumstances.

The previous felony which he is accused of having committed was not a violent crime, it was a drug crime. Again, recalling the circumstances from the trial, I recognize that this was a situation that Mr. Mincey did not apparently start himself, but allowed to escalate.

He did attempt to retreat at some point by going outside. I think the evidence bears that out. But obviously Mr. Mincey didn't do ultimately what he could have done to have kept this thing from happening, which was totally retreat.

Taking all that into consideration this Court sentences Robert Mincey to 50 years Department of Corrections without benefit of parole, probation, or suspension of sentence.

3

Regarding the third *Baker/Lisotta* factor, we note that in *State v. Loston*, 03-977 (La.App. 1 Cir. 2/23/04) 874 So.2d 197, 210-11, *writ denied*, 04-792 (La. 9/24/04), 882 So.2d 1167, the first circuit affirmed a forty-year sentence for a second offender whose underlying offense was manslaughter, and whose criminal history included violent offenses. In *State v. Mims*, 97-1500 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, *writ denied*, 00-2255 (La. 6/22/01), 794 So.2d 781, and *writ denied*, 00-2270 (La. 6/22/01), 794 So.2d 782, the fourth circuit approved a forty-year sentence for a second felony offender, even though the evidence suggested a co-defendant may have fired the fatal shots, and the defendant's prior conviction was non-violent, because the evidence also indicated the defendant instigated the situation that led to the shooting.[3] In *State v. Walker*, 99-2868 (La.App. 4 Cir. 10/18/00), 772 So.2d 218, the fourth circuit upheld a maximum eighty-year sentence for a second habitual offender whose underlying offense was manslaughter, in part because he callously dumped his female victim's nude body in a public street, and he had a history of fighting women. That history was reflected mainly in arrests, rather than convictions. Taken together, these cases indicate that Defendant's mid-range sentence is not outside the norm of Louisiana jurisprudence.

In light of the sentencing factors stated in *Baker* and *Lisotta*, the trial court did not abuse its discretion by sentencing Defendant to fifty years of imprisonment.

Defendant also argues the trial court erred by denying parole. The State concedes this argument is correct, pursuant to La.R.S. 14:31, La.R.S. 15:529.1, and La.R.S. 15:574.4. At the time of the offense, La.R.S. 14:31 and La.R.S. 15:529.1 did not provide for denial of parole. Pursuant to La.R.S. 15:574.4, "parole eligibility is

---

[3]However, the defendant's sentence was vacated due to an error patent. *Mims*, 769 So.2d 44.

. . . determined by the Department of Corrections." *State ex rel. Porter v. State*, 04-2080, p. 1 (La. 11/28/05), 916 So.2d 123. However, as the State suggests, this defect can be easily remedied. We delete the portion of the sentencing language that denies parole, and order that the minutes be amended to reflect the change. *See, e.g., State v. Dupree* 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966, *State v. Roberts*, 06-765, (La.App. 3 Cir. 1/17/07), 947 So.2d 208, *writ denied*, 07-362 (La. 10/5/07), 964 So.2d 938, *State v. Poirrier*, 04-825 (La.App. 3 Cir. 12/1/04); 888 So.2d 1123.

Regarding "good time" (diminution of sentence), the trial court stated:

Taking all that into consideration this Court sentences Robert Mincey to 50 years Department of Corrections without benefit of parole, probation, or suspension of sentence.

Mr. Mincey, you have two years from the final judgment and finality of this matter to apply for post-conviction relief. It is not subject to diminution for good behavior.

You have already given your date of birth.

The trial court's language was merely advisory,[4] and thus there is no action for this court to take. This court has explained, "[a]ccording to the supreme court, 'a trial judge lacks authority under La.R.S. 15:571.3(C) to deny a defendant eligibility for good time credits against his sentence, because that statute is "directed to the Department of Corrections exclusively."'" *State v. Narcisse*, 97-3161, p. 1 (La. 6/26/98), 714 So.2d 698, 699, citing *State ex rel. Simmons v. Stalder*, 93-1852 (La. 1/6/96), 666 So.2d 661." *State v. Benedict*, 04-742, p. 3 (La.App. 3 Cir. 11/10/04), 887 So.2d 649, 652.[5]

---

[4]The court was required to make such an advisement, pursuant to La.Code Crim.P. art. 894.1(D)(1).

[5]The trial court had authority to deny diminution of sentence under La.Code Crim.P. art. 890.1(B), since the underlying offense, manslaughter, is a crime of violence. However, the court's language, cited above, does not represent an exercise of such authority.

For the reasons discussed, the denial of parole eligibility is deleted. However, the sentence is not excessive.

## <u>CONCLUSION</u>

We amend the sentence to delete the language denying Defendant eligibility for parole, and direct the district court to record the amendment in the minutes. In all other respects, the sentence is affirmed.

**AFFIRMED AS AMENDED.**