*220
 
 |,ON APPLICATION FOR ADMISSION TO THE BAR
 

 PER CURIAM.
 
 *
 

 Petitioner, Leon A. Maryland, sat for the July 2001 Louisiana Bar Examination. During the administration of the exam, the Committee on Bar Admissions (“Committee”) received information from petitioner’s law school that he had been disciplined for committing fraudulent acts in the course of his employment as a student research assistant. Petitioner was allowed to complete the July 2001 bar exam, which he ultimately did not successfully pass. He then applied to take the February 2002 exam, but the Committee denied his application in light of the information it had received the previous summer. Petitioner applied to this court, and he was permitted to sit for the bar exam, with the condition that upon passing the exam, he apply for the appointment of a commissioner to take character and fitness evidence.
 
 [1]
 

 Petitioner successfully passed the February 2002 bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel (“ODC”) to conduct an investigation into petitioner’s qualifications to be admitted to the bar. One significant issue investigated by the 12OPC involved petitioner’s engaging in the unauthorized practice of law by providing a lay person with substantive advice and analysis of legal issues and drafting legal pleadings that were filed by the lay person in proper person. However, in June 2002, less than two weeks prior to the date set for the commissioner’s hearing, petitioner filed a motion in this court seeking to withdraw his application for admission to the bar. We granted petitioner’s motion on July 3, 2002.
 
 [2]
 

 Some three years later, in November 2005, petitioner applied again for- admission. In this pleading, petitioner acknowledged the issues which had surfaced during the ODC’s investigation in the prior matter — his “admitted misconduct in employment” (evidently referring to the incident in law school) and the allegations concerning his unauthorized practice of law — but contended that he was rehabilitated from this misconduct. On December 16, 2005, we denied petitioner’s application for admission.
 
 [3]
 

 In November 2009, petitioner applied for admission in the instant matter. The Committee opposes petitioner’s application. Among other issues raised in the Committee’s opposition, it asserts that petitioner engaged in the unauthorized practice of law in the State of Maryland when he entered an appearance as an attorney in a domestic matter pending in the Circuit Court for Prince George’s County, Maryland. As a result, the Maryland Attorney Grievance Commission (“Commission”), the attorney disciplinary agency in Maryland, sought an injunction against petitioner for the unauthorized practice of law. In July 2009, a consent order was issued which, among other things, enjoined petitioner from (1) “engaging in any act constituting the practice of law,” (2) preparing any legal document to be filed with the court, and (3) | .¡holding himself out as an
 
 *221
 
 attorney and representing clients in any legal matter in Maryland.
 

 After reviewing the evidence and considering the law, we conclude that at this time, petitioner has failed to meet his burden of proving that he has good moral character and fitness to practice law.
 
 See
 
 Supreme Court Rule XVII, § 5(D). Accordingly, it is ordered that the application for admission be and hereby is denied.
 

 ADMISSION DENIED.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 .
 
 In re: Maryland,
 
 02-0491 (La.2/15/02), 809 So.2d 973.
 

 [2]
 

 .
 
 In re: Maryland,
 
 02-1174 (La.7/3/02), 824 So.2d 346.
 

 [3]
 

 .
 
 In re: Maryland,
 
 05-2305 (La.12/16/05), 917 So.2d 1088.