NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1059

STATE OF LOUISIANA

VERSUS

GEORGE JAMESON GRAY, III

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 7105-10
HONORABLE DAVID KENT SAVOIE, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Jimmie C. Peters, Judges.

AFFIRMED WITH INSTRUCTIONS.

John Foster DeRosier, District Attorney
Carla Sue Sigler, Assistant District Attorney
14th Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
Counsel for Appellee:
State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
**George Jameson Gray III**

**SAUNDERS, Judge,**

Defendant, George Jameson Gray III, was convicted of manslaughter on October 30, 2009, and was charged by bill of information with being a second felony offender on January 13, 2010. At a hearing on January 29, 2010, the trial court adjudicated Defendant a second felony offender. The trial court found Defendant's "extensive history of violent conduct," taken from the pre-sentencing report, included "simple battery, violation of a restraining order, unauthorized entry, harassment, [and] criminal damage to property," along with "a couple of distribution of CDS charges, violation of restraining orders, second degree battery, [and] simple battery." Based on this history, the trial court found Defendant "has no sense of when to hold back" and sentenced him to fifty years at hard labor without benefit of probation or suspension of sentence. Defendant now appeals his adjudication and his sentence.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent, but the sentencing minutes are in need of correction.

The court minutes of sentencing indicate that the judge imposed the Defendant's sentence without benefit of probation, parole, or suspension of sentence. However, the sentencing transcript reveals that the judge imposed the Defendant's sentence without benefit of probation or suspension of sentence, as required by La.R.S. 15:529.1(G).[1] (R. pp. 49-51). In *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62,

---

[1]The restrictions on parole eligibility imposed on multiple offender sentences under La.R.S. 15:529.1 are those called for in the referenced statute. *See State v. Tate*, 99-1483, pp. 1-2 (La. 11/24/99), 747 So.2d 519, and *State v. Dossman*, 06-449 (La.App. 3 Cir. 9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La. 6/1/07), 957 So.2d 174. Louisiana Revised Statutes 14:31 does not restrict parole eligibility.

this court stated "it is well settled that when the minutes and the transcript conflict, the transcript prevails. *See State v. Webster*, 95-605 (La.App. 3 Cir. 11/2/95), 664 So.2d 624." Thus, the trial court is ordered to correct the minutes of sentencing to correctly reflect the sentence imposed.

## ASSIGNMENT OF ERROR NO. 1:

Defendant complains his adjudication was fundamentally unfair. He claims the trial court deprived him of due process of law by failing to advise him of his right to remain silent prior to the hearing and adjudication, by failing to advise him of the State's burden of proof and his right to refute his alleged status at a contradictory hearing, by arraigning him without counsel, and by scheduling the adjudication hearing only four days after his arraignment.

The record shows Defendant's claim that he was not advised of his right to remain silent, normally a possible error patent, is correct. However, where the State presents adequate evidence to prove the existence of a defendant's prior convictions and that a defendant is the same person previously convicted, such error is harmless. *State v. Spencer*, 96-248 (La.App. 3 Cir. 11/6/96), 683 So.2d 1326, *writ denied*, 96-2938 (La. 5/9/97), 693 So.2d 773. Further, when a defendant is given a fundamentally fair hearing, failure to advise him of his right to remain silent is harmless error even where he does not remain silent. *State v. Gobert*, 09-607 (La.App. 3 Cir. 12/9/09), 24 So.3d 1013, *writ denied*, 09-2830 (La. 6/18/10), 38 So.3d 321; *State v. Samuel*, 08-100 (La.App. 3 Cir. 5/28/08), 984 So.2d 256, *writ denied*, 08-1419 (La. 2/20/09), 1 So.3d 493, *and writ denied*, 08-1487 (La. 2/20/09), 1 So.3d 495.

Defendant argues he did not remain silent at the adjudication hearing because, through counsel, he admitted the original signature on the Waiver of Constitutional Rights and Plea of Guilty form was his. The record of the adjudication hearing shows the entire record of Defendant's prior conviction on April 28, 2003, was introduced as Exhibit S-3. Defense counsel told the trial court, "Your Honor, I have reviewed the file from the clerk's office. I have reviewed the document with [Defendant] and reviewed his signature. He has agreed that it is his original signature, and we have no objection to the introduction of that."

Regardless if defense counsel's statement equates with Defendant not remaining silent at the hearing, the trial court's failure to advise Defendant of his right to remain silent is harmless error. The record of the adjudication hearing shows the State adequately proved Defendant's identity and prior conviction with evidence independent of defense counsel's statement.

The trial court recognized Joyce Miller, forensic analyst and latent fingerprint examiner with the Southwest Louisiana Crime Lab, as an expert in fingerprint matching without objection from Defendant. Miller took fingerprints from Defendant on January 26, 2010. She compared those prints to those she found on an indictment in docket number 4609-01, dated February 15, 2001, charging Defendant with distribution of cocaine, amended on April 29, 2003 to possession of cocaine, and she found the prints to be a match. Court minutes dated April 29, 2003, indicate Defendant pled guilty to the charge of possession of cocaine and was sentenced for that offense. Jason Nelson, probation and parole officer for the State, testified he supervised Defendant from April 28, 2003, when Defendant was placed on probation,

3

until February 20, 2004.[2] Nelson identified Defendant in the courtroom as the same person he supervised. Therefore, the State presented adequate, independent evidence of both the convictions and of Defendant's identity, and Defendant received a fundamentally fair hearing while being represented by counsel. Thus, the trial court's failure to advise Defendant of his right to remain silent is harmless, even though Defendant agreed the plea form contained his original signature.

Next, Defendant argues he was arraigned without counsel and was not advised of the State's burden of proof or of his right to refute his alleged status at a contradictory hearing. This court has held the failure to advise a defendant of his rights to a hearing and to be advised of the State's burden of proof is harmless where he is adjudicated a multiple offender after a full hearing and he does not testify or acknowledge his status as a habitual offender. *State v. Pitre*, 04-1134 (La.App. 3 Cir. 2/9/05), 893 So.2d 1009, 1012 (citing *State v. Beverly,* 03-1348 (La.App. 3 Cir. 3/3/04), 867 So.2d 107); *Gobert*, 24 So.3d at 1015. As discussed above, even if Defendant's acknowledgment of his signature is an admission of his multiple offender status, any error is still harmless because of the independent evidence of Defendant's convictions and identity. Additionally, although Defendant was arraigned without counsel, he was represented by counsel at the adjudication hearing. Further, Defendant waived the appearance of counsel for the purpose of arraignment only and thus, may not now complain that he had no representation at that time. *See State v. Tarver*, 02-973 (La.App. 3 Cir. 3/12/03), 846 So.2d 851, *writ denied*, 03-1157 (La. 11/14/03), 858 So.2d 416. Therefore, this argument is without merit.

---

[2]The record reflects confusion about whether the actual date of Defendant's prior conviction was April 28, 2003 or April 29, 2003.

Finally, Defendant complains for the first time on appeal that his January 29, 2010 adjudication hearing took place only four days after his January 25, 2010 arraignment. He claims "[i]t is unclear how counsel could consult with [him] and prepare for the hearing with only three days notice, and no time for the filing of objections," but he admits "defense counsel indicated he was ready to proceed with the hearing on January 29, 2010." Defendant made no request to postpone the adjudication hearing, and he made no objection at the hearing pertaining to the trial court's failure to observe the fifteen-day delay required by La.R.S. 15:529.1(D)(1)(a). Thus, any objection to an untimely hearing cannot be raised now, when no objection was made prior to or at the hearing and where counsel announced at the hearing that he was ready to proceed. La.Code Crim.P. art. 841.

**ASSIGNMENT OF ERROR NO. 2:**

Defendant argues that his sentence of fifty years at hard labor, without benefit of probation or suspension of sentence, is excessive. Louisiana Code of Criminal Procedure Article 881.1(E) requires a defendant to make or file a motion to reconsider his sentence within thirty days of imposition of the sentence. A defendant who fails to make or file such a motion is precluded from raising any objection to the sentence on appeal. *State v. White*, 03-1535 (La.App. 3 Cir. 4/28/04), 872 So.2d 588; *State v. Prudhomme*, 02-511 (La.App. 3 Cir. 10/30/02), 829 So.2d 1166, *writ denied*, 02-3230 (La. 10/10/03), 855 So.2d 324. Defendant here did not make or file a motion to reconsider his sentence in the trial court. Nevertheless, we will review Defendant's argument as a bare claim of excessiveness. *State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

5

This court has set out a standard to be used in reviewing excessive sentence claims:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 [p.5] (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 [p. 3] (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has held:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La.7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

After Defendant's conviction for manslaughter, the State filed a habitual offender bill. Evidence at the habitual offender/sentencing hearing showed Defendant was previously convicted of possession of cocaine in April of 2003, and the trial judge indicated he had reviewed the pre-sentencing report and letters from relatives of the victim. The victim's wife, cousin, and sister also testified at the sentencing hearing. Defendant's counsel indicated Defendant's extreme remorse for Hayes' death.

Applying the *Smith* factors, the nature of Defendant's offense was a violent crime that resulted in death. The presentencing report indicated "an extensive history of violent conduct," including "simple battery, violation of a restraining order, unauthorized entry, harassment, [and] criminal damage to property." The trial judge believed Defendant "has no sense of when to hold back," and "[h]e had, certainly, the opportunity to do that out there on the street."

The sentencing range for a manslaughter conviction for a second felony offender is twenty to eighty years. La.R.S. 14:31 and 15:529.1. Defendant's sentence of fifty years at hard labor is in the middle of the sentencing range. This court recently affirmed a fifty-year sentence where the defendant, convicted of manslaughter, was a second felony offender. *State v. Mincey*, 09-155 (La.App. 3 Cir. 6/3/09), 12 So.3d 1105, *writ granted in part, denied in part,* 09-1743 (La. 4/5/10), 32 So.3d 219.

In *Mincey*, the defendant's prior felony was a drug-related offense. Apparently, he did not instigate the incident that led to the fatal shooting, but allowed it to escalate, leading to the death of a victim who was uninvolved in the situation. The

7

*Mincey* panel cited cases from the first and fourth circuits in deciding the defendant's

sentence was not excessive:

> [W]e note that in *State v. Loston,* 03-977 (La.App. 1 Cir. 2/23/04), 874 So.2d 197, 210-11, *writ denied,* 04-792 (La.9/24/04), 882 So.2d 1167, the first circuit affirmed a forty-year sentence for a second offender whose underlying offense was manslaughter, and whose criminal history included violent offenses. In *State v. Mims,* 97-1500 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, *writ denied,* 00-2255 (La.6/22/01), 794 So.2d 781, and *writ denied,* 00-2270 (La.6/22/01), 794 So.2d 782, the fourth circuit approved a forty-year sentence for a second felony offender, even though the evidence suggested a co-defendant may have fired the fatal shots, and the defendant's prior conviction was non-violent, because the evidence also indicated the defendant instigated the situation that led to the shooting. [Footnote omitted]. In *State v. Walker,* 99-2868 (La.App. 4 Cir. 10/18/00), 772 So.2d 218, the fourth circuit upheld a maximum eighty-year sentence for a second habitual offender whose underlying offense was manslaughter, in part because he callously dumped his female victim's nude body in a public street, and he had a history of fighting women. That history was reflected mainly in arrests, rather than convictions. Taken together, these cases indicate that Defendant's mid-range sentence is not outside the norm of Louisiana jurisprudence.

*Mincey*, 12 So.3d at 1107-08. Accordingly, we find the trial court here did not abuse

its discretion in sentencing Defendant to fifty years at hard labor.

## DECREE:

The trial court is ordered to correct the minutes of sentencing to correctly

reflect the sentence imposed. Defendant's adjudication and sentence are affirmed.

**AFFIRMED WITH INSTRUCTIONS.**

8