PER CURIAM
11Writ granted; the trial court’s order denying claimant’s petition for nullity of the judgment of forfeiture in this matter is hereby vacated.
The trial court erred in dismissing claimant’s petition for nullity of judgment concerning the judgment of forfeiture obtained by the state for $1,330. The curren *212 cy seized from claimant was seized in conjunction with his arrest and booking on a charge of second degree murder. The Cal-casieu Parish District Attorney (“CPDA”) prosecuted claimant on that charge, and he was found guilty of manslaughter, adjudicated a second felony offender, and sentenced to 50 years imprisonment at hard labor without benefit of probation or suspension of sentence. After claimant’s conviction became final and as he continued to serve his sentence in prison,[1] the CPDA executed an “Evidence Release Form” on July 14, 2010, accompanied by a letter that instructed all cash money in evidence in connection with claimant’s case be released to claimant’s mother. Despite this, on September 7, 2010, the CPDA mailed notice of the pending forfeiture to claimant’s last known |2address, a residence in Lake Charles at which a search warrant was executed. That notice was returned to the CPDA as unclaimed and unable to forward on September 24, 2010. A judgment of forfeiture, was then granted on November 22, 2010, ordering the $1,330 forfeited to the state pursuant to R.S. 40:2626.
La.C.C.P. art. 2002 requires that a final judgment be annulled if it is rendered against a defendant who has not been served with process as required by law and who has not entered a general appearance, or against whom a valid judgment by default has not been taken. R.S. 40:2608(3)(a) requires that notice of pending forfeiture be mailed to the owner’s current address, if known. The state did not comply with the requirements of R.S. 40:2608 in serving notice to claimant of the pending forfeiture, because the state knew or should have known that the address to which it mailed the notice was not claimant’s current address. The July 14, 2010 letter instructing that the currency be released to claimant’s mother, coupled with the undeliverable notice returned on September 24, 2010, and the fact that defendant was convicted and sentenced to a lengthy term of imprisonment, put the state on notice that the Lake Charles residence was not claimant’s current address.
The CPDA knew claimant was incarcerated because the CPDA was the entity that successfully prosecuted him on the charge stemming from the arrest that resulted in the seizure of the currency at issue. Because the CPDA’s successful prosecution resulted in claimant’s continued incarceration, the CPDA knew or should have known that he was not residing in Lake Charles when it mailed the notice of pending forfeiture there. See Robinson v. Hanrahan, 409 U.S. 38, 40, 93 S.Ct. 30, 31-32, 34 L.Ed.2d 47 (1972) (“[T]he State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not get to that address since he was at that very time confined in .,. jail. | sUnder these circumstances, it cannot be said that the State made any effort to provide notice which was ‘reasonably calculated’ to apprise appellant of the pen-dency of the forfeiture proceedings.”). Thus, as noted by Judge Cooks, dissenting below, see State v. $1,330.00 in U.S. Currency, 15-0623 (La. App. 3 Cir. 11/15/15), 180 So.3d 513 (Cooks, J. dissenting), the CPDA’s attempt at notice was not “reason *213 ably calculated” to apprise claimant of the pending forfeiture action. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950). As such, claimant was denied due process with respect to the forfeiture of the currency. Accordingly, the trial court’s ruling dismissing the petition for nullity of judgment is reversed, and the ease is remanded to the trial court for further proceedings consistent with this ruling.
GUIDRY, J., would deny.
CLARK, J., dissents and would deny the writ.

. See State v. Mincey, 08-1315 (La.App. 3 Cir. 6/3/09), 14 So.3d 613 (affirming conviction after rejecting insufficient evidence claim), writ denied, 09-1743 (La. 4/5/10), 32 So.3d 219; State v. Mincey, 09-0155 (La. App. 3 Cir. 6/3/09), 12 So.3d 1105 (affirming subsequently imposed habitual offender sentence after amending it to delete the illegal prohibition on parole eligibility, having found the 50-year term not unconstitutionally excessive), writ granted in part, 09-1743 (La. 4/5/10), 32 So.3d 219 (granting writs only to delete a sentence term prohibiting diminution of sentence, as that is a matter for DOC).