# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2024

Lyle W. Cayce
Clerk

_____

No. 24-30064
Summary Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LAVANZEL KERR,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CR-28-1

_____

Before KING, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Lavanzel Kerr pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1), and was sentenced within the guidelines range to 37 months of imprisonment. First, he challenges the district court's assessment of a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), for using the firearm he possessed in connection with

_____

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

another felony offense, the shooting death of the victim, "A.W." Kerr renews his assertion that he shot A.W. in self-defense and urges that, because self-defense is an affirmative defense to homicide under Louisiana law, he did not commit another felony triggering the § 2K2.1(b)(6)(B) enhancement.

We review the district court's finding that Kerr used the firearm in connection with another felony offense for clear error, *see United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010), which "requires only that the finding be plausible in light of the record as a whole," *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). We will uphold the finding unless there is "a definite and firm conviction that a mistake has been committed." *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010).

Because the record shows that Kerr was the initial aggressor, that he could have but failed to leave the scene and withdraw from the conflict, and that A.W. never brandished or threatened him with a gun and thus that killing A.W. was not necessary to prevent death or great bodily harm, the district court's implicit finding, when overruling Kerr's sentencing objection, that Kerr was not acting in self-defense is not clearly erroneous. *See Williams*, 610 F.3d at 292; *Scroggins*, 599 F.3d at 440; *see also* LA. REV. STAT. ANN. §§ 14.20, 14:21; *State v. Mayes*, 154 So. 3d 1257, 1259 (La. Ct. App. 2014). The enhancement was therefore appropriate. *See* § 2K2.1(b)(6)(B).

Next, Kerr challenges the reasonableness of the sentence imposed. He argues that the district court erred in denying his motion for a downward departure, pursuant to U.S.S.G. §§ 5K2.10, 5K2.11, and 5K2.12, and erred in denying his request for a downward variance. Because the decision to grant a downward departure under §§ 5K2.10, 5K2.11, or 5K2.12 is discretionary, and because the district court demonstrated its awareness of the authority to depart but declined to exercise it, we lack jurisdiction to

review its denial. *See United States v. Cooper*, 274 F.3d 230, 248 (5th Cir. 2001).

As Kerr concedes, we presume that his within-guidelines sentence is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). Although he can rebut the presumption by showing that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in the balancing of the sentencing factors, *see id.*, Kerr fails to do so. To the extent that he argues that the district court ignored the 18 U.S.C. § 3553(a) factors, particularly the true nature of the offense, in failing to vary downwardly on the ground that he acted in self-defense, the claim is unavailing because the district court found that he had not possessed the gun solely for self-protection given that he had arrived on the scene with it and had it in his car during the entire encounter. To the extent that Kerr asserts that the court should have given more weight to his mitigating arguments in crafting its sentence, the argument amounts to a mere disagreement with the district court's balancing of the § 3553(a) factors, which is insufficient to rebut the presumption of reasonableness for a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

For the first time on appeal, Kerr additionally argues that § 922(g)(1) is unconstitutional, relying on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). His unpreserved *Bruen* challenge is foreclosed by our opinion in *United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024), which rejected another such challenge on the ground that any error was not plain.

The district court's judgment is AFFIRMED.