480 So.2d 304 (1985)
STATE of Louisiana
v.
Mark Louis BLACHE.
No. 85-K-0540.
Supreme Court of Louisiana.
December 2, 1985.
Floyd J. Falcon, Jr., Avant & Falcon, Baton Rouge, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bryan Bush, Dist. Atty., E. Kay Kirkpatrick, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
This is one of eight cases in which writs were simultaneously granted and oral arguments consolidated.[1] Each of them contain *305 related problems concerning the application of La.Rev.Stat. § 14:95.1 and La. Code Crim.Pro. art. 893.1, the firearm enhancement statutes. Upon review we find merit to an assignment of error unrelated to the application of the firearm enhancement statutes and accordingly find it unnecessary to address the matter of in tandem application of La.Rev.Stat. § 14:95.1 and La.Code Crim.Pro. art. 893.1.
We find merit in defendant's Assignment of Error No. 2 concerning collateral estoppel and thus reverse the conviction and sentence.
Defendant, Mark Louis Blache, was charged by bill of information with possession of a firearm by a convicted felon and attempted second degree murder, both crimes arising out of a single incident. Blache pled not guilty. The charges were severed and he was tried for possession of a firearm by a convicted felon under La. Rev.Stat. § 14:95.1. A unanimous jury of twelve found Blache not guilty. He was then tried in a bench trial before a different judge for attempted second degree murder, pursuant to La.Rev.Stat. § 14:27 and § 14:30.1. The trial judge found Blache guilty of a lesser included offense, aggravated battery, a violation of § 14:34. Blache was sentenced to confinement in the custody of the Secretary of the Department of Corrections for a period of five (5) years. In addition, under La.Code Crim.Pro. art. 893.1, the Court sentenced the accused to be confined in the custody of the Secretary of the Department of Corrections for a period of five (5) years, to run concurrent with the original sentence, without benefit of probation, parole, or suspension of sentence.[2] Additionally, the court sentenced the accused under La.Rev.Stat. § 14:95.2 to be confined in the custody of the Department of Corrections for a period of two (2) years, consecutively, and without benefit of parole, probation, suspension of sentence, or credit for good time. The court of appeal, 464 So.2d 1082, affirmed.
On April 1, 1982, three neighborhood youths bicycled past the home of defendant Blache as he sat on the porch of his father's home with a friend, Robert McCelus. Mark lived with his father, a deputy civil sheriff with the East Baton Rouge Sheriff's Office. The youths (with some reservations referred to hereinafter as boys), ranged in age from fourteen to twenty-three. An argument ensued between Blache and the boys. They rode off, only to return with two recruits. A fight broke out upon their return. At some point during the encounter, one of the boys struck Blache with a blunt instrument, causing severe head trauma. Another of the boys tackled McCelus and wrestled him to the ground. With his friend under attack and Blache staggering from the blow, he went into his father's house yelling, "They are trying to kill me." Once inside his father's house, Blache got his brother-in-law's loaded shotgun from a hall closet.[3] Seconds later, he emerged with the shotgun and fired three times at the boys as they began to run away. None of the boys were injured seriously, although three received medical attention.
Because Blache was on probation for a conviction of simple burglary at the time of the incident, he was charged with possession of a firearm by a convicted felon, as *306 well as the attempted second degree murder. Following Blache's unanimous jury acquittal on the first charge, the firearm possession offense, he moved to quash the bill of information on the charge of attempted second degree murder. The motion was denied and Blache was tried, by judge, and convicted of the lesser included offense of aggravated battery. The conviction and sentence were affirmed by the court of appeal.
Defendant's assignment of error contending that double jeopardy is directly applicable is without merit. It will be treated in an appendix to this opinion which will go unpublished because it is not dispositive in this case and addresses no new issues of law.
The assignment which prompts reversal of defendant's conviction and sentence concerns collateral estoppel.
Blache contends that collateral estoppel bars the State's prosecuting the attempted second degree murder charge, with a consequent conviction on the lesser included aggravated battery, after his acquittal on the firearms possession charge. The doctrine of collateral estoppel was explained in Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970):
"Collateral estoppel" is an awkward phrase, but it stands for an extremely important principal in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.
The opinion makes it clear that the doctrine is anchored in the Fifth Amendment guarantee against double jeopardy. In this State, the application of the doctrine has been limited "to those cases where it is required by Ashe v. Swenson...." State v. Knowles, 392 So.2d 651, 655 (La.1981), citing, State v. Doucet, 359 So.2d 1239, 1248 (La.1978).
In Ashe, the United States Supreme Court gave the following guidelines in applying the doctrine of collateral estoppel:
Where a previous judgment of acquittal was based on a general verdict, as is usually the case, this approach requires the court to "examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." 397 U.S. at 444, 90 S.Ct. at 1194.
Straightforward application of the federal rule to the present case can lead to but one conclusion. A rational juror could not have grounded its verdict in the first prosecution upon any issue other than the one which the defendant properly seeks to foreclose from consideration in the second prosecution.
In the first trial, the prosecution and defense stipulated that the defendant was a convicted felon and that he was in possession of a shotgun. The sole issue contested at trial was whether or not Blache was justified in taking hold of the shotgun in self-defense, or defense of another, and shooting at the boys. That justification was the sole contested issue is made evident by the stipulation, and the trial judge's including in his charge to the jury an instruction on justification (in the following terms):
The use of force or violence upon the person of another is justifiable for the purpose of preventing a forcible offense against one's own person if the force used is reasonable and apparently necessary to prevent the offense. Thus if you find the defendant committed the offense charged for the purpose of preventing a forcible offense against his person and the amount of force or violence used was reasonable, and that force or violence used was apparently necessary to prevent the forcible offense, then you must find the defendant not guilty.

It is justifiable to use force or violence in the defense of another person when it is reasonably apparent that the *307 other person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person. Thus if you find the defendant committed the offense charged while acting in defense of another person and that it reasonably appeared to the defendant that the other person justifiably could have used such means himself, and the defendant reasonably believed that his intervention was necessary to protect the other person, then you must find the defendant not guilty.
A defendant who raises the defense that he acted in self-defense does not have the burden of proof on that issue. The State has the burden of proving beyond a reasonable doubt the offense was not committed in self-defense or in defense of another. A person who is the aggressor or who brings a difficulty upon himself cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw or discontinue the conflict. Thus if you find the defendant was the aggressor or that he brought on the difficulty, you must reject his claim of self-defense unless you find, first, that he withdrew from the conflict; secondly, his withdrawal was in good faith; and, third, he withdrew in a manner that put his adversary on notice that he wished to withdraw and discontinue the conflict. (Emphasis provided)
So when the jury acquitted Blache in the first trial, it is clear that the only issue, factual or otherwise, which they were resolving, favorably to the defendant  and that issue was one of ultimate fact  was that the defendant, although a convicted felon otherwise prohibited from possessing a firearm, was justified in taking hold of the shotgun and shooting in order to defend himself and/or his friend, Robert McCelus.
In the second prosecution defendant was charged with attempted second degree murder and convicted of aggravated battery, under the same facts, in a case where his defense was the same as in the earlier case, self-defense (R.S. 14:19)[4] and defense of another (R.S. 14:22)[5], i.e., justifiable conduct.[6] An issue of ultimate fact which the jury in the second trial was required to resolve, whether defendant was justified in taking up the shotgun and shooting at his attackers, had already been resolved by the first jury when they acquitted defendant of felon in possession of a weapon.
There is no doubt that the jury found justification in the first trial. More problematic is whether they were required to consider justification, as they were instructed to do by the trial judge. This Court has never specifically decided whether justification is a defense to a charge of possession of a firearm by a convicted felon.[7] Other courts have addressed this issue.[8] *308 We are required to address that issue here.
It was first made illegal for felons convicted of certain crimes to possess a firearm by an Act of the Legislature in 1975, La.Acts No. 492, § 2 (which became § 14:95.1). Five years later, in 1980, by Act 279, § 1, the Legislature amended § 14:95.1 to add additional crimes to the list of enumerated felony convictions. This Court has upheld the constitutionality of the statute in State v. Amos, 343 So.2d 166 (La.1977). Both before and after the passage of the 1975 statute and its 1980 amendment (§ 14:95.1), there existed in the La.Criminal Code statutes justifying otherwise criminal conduct in self-defense or defense of others. (See footnote 5, 6 and 7, hereinabove). Such provisions have been included in the criminal code since its enactment in 1942. In fact, there were amendments to § 14:20 as recently as 1976 (La. Acts. No. 655 § 1), 1977 (La.Acts. No. 392 § 1) and 1983 (La.Acts. No. 234 § 1).
La.Rev.Stat. § 14:95.1 merely makes it unlawful for certain persons to possess a firearm or to carry a concealed weapon. It does not recite that the offender is to be denied the specific defense of justification contained in § 14:18 ("The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct"). Had the Legislature chosen to treat the gun possessing convicted felon differently with respect to self-defense and defense of others, they could have done so.
We hold that when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such situation justification is a defense to the charge of felon in possession of a firearm.
This is not to say that a convicted felon is entitled to own or maintain possession of a weapon, constructive possession or otherwise, for protection, or for any other reason. In this case, incidentally, as was noted hereinabove at footnote three, the record reflects no information concerning pre-incident possession of the shotgun other than that it belonged to defendant's brother-in-law and was kept in a hall closet of a residence owned by defendant's father. There was no evidence of constructive possession of the shotgun by defendant preceding the encounter.
The trial judge's instruction (in defendant's first trial) on justification and the use of force or violence in defense of one's self and/or of another was thus correct and *309 pertinent. And the jury's acquittal of defendant in that case, where justification was the only litigated factual or legal issue, forecloses from consideration whether the shooting was in self-defense or in defense of others, matters concerning which, once raised, the state has the burden to disprove.[9]
Because the trial jury was properly instructed on the law and because justification is a defense to a charge of violating § 14:95.1 (as and only as recited hereinabove), there was in the first case no acquittal against the weight of the evidence for a defendant who had no legal defense (in effect, a jury nullification). We thus need not be concerned with whether the jury's first verdict found justification, and thus acquittal, where justification was not properly a defense. Were that the case (and it is not here), perhaps collateral estoppel would not apply. We need not decide that now.
In this case, where defendant was first acquitted of possession of a firearm by a convicted felon, Ashe v. Swensen and its doctrine, collateral estoppel, bars the state from prosecuting the defendant Mark Blache for attempted second degree murder and from securing the conviction of the lesser included aggravated battery.

Decree
For the foregoing reasons the conviction and sentence of the defendant for committing aggravated battery are reversed and set aside.
CONVICTION AND SENTENCE REVERSED.
WATSON, J., concurs in the result.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
Even assuming that justification is a defense to a charge of possession of a firearm by a convicted felon, I do not consider that collateral estoppel bars prosecution of the second degree murder charge. The issue presented by the first prosecution was whether defendant was justified in possession of a firearm. The issue contested at the second trial was whether justification existed for defendant's shooting at his attackers. Thus, the issue of ultimate fact presented by a prosecution for illegal possession of firearms differs from that raised by the prosecution for second degree murder. Accordingly, I respectfully dissent.
NOTES
[1] The others are State v. Harris, 480 So.2d 281; State v. Hogan, 480 So.2d 288; State v. Barberousse, 480 So.2d 273; State v. Kennedy, 480 So.2d 299; State v. Jackson, 480 So.2d 263; State v. Street, 480 So.2d 309; and State v. Delcambre, 480 So.2d 294, in which opinions are being handed down this day.
[2] While it is irrelevant to the disposition of this case (in light of our reversing the conviction and sentence) five years each relative to § 14:34 and La.Code Crim.Pro. art. 893.1 is wrong. Article 893.1 is merely a sentencing statute (See State v. Jackson, 480 So.2d 263 (La.1985) decided this day) which requires a minimum sentence, with restrictions, within the authorized penalty prescribed for an underlying felony, in this instance, § 14:34.
[3] Because the record reflects no information concerning pre-incident possession of the shotgun other than that it belonged to defendant's brother-in-law and was kept in a hall closet of a residence owned by defendant's father and occupied by at least defendant and his father, there was no evidence of constructive possession of the shotgun by defendant preceding the encounter.
[4] R.S. 14:19. Use of force or violence in defense

The use of force or violence upon the person of another is justifiable, when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession; provided that the force or violence used must be reasonable and apparently necessary to prevent such offense, and that this article shall not apply where the force or violence results in a homicide.
[5] R.S. 14:22. Defense of others

It is justifiable to use force or violence or to kill in the defense of another person when it is reasonably apparent that the person attacked could have justifiably used such means himself, and when it is reasonably believed that such intervention is necessary to protect the other person.
[6] R.S. 14:18. Justification; general provisions

The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct. This defense of justification can be claimed under the following circumstances:
* * * * * *
(7) When the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22.
[7] On two occasions we inferred that under limited circumstances it may be. In State v. Grant, 414 So.2d 373 (La.1982), we concluded there was sufficient evidence of a felon in possession of a firearm, beyond any casual and momentary possession, for even if the defendant did seize the gun from a distraught and irritated combatant within the house, he had ample time to have dispossessed himself of the weapon before he walked outside with it in his pocket. And in State v. Clement, 368 So.2d 1037 (La.1979), we held that it was not erroneous for the trial judge to refuse to give a charge on justification in light of the evidence in that case, where an adult female took a gun from a small child inside a residence, placed it in her waistband, and left it there as she went to the store. There we said, assuming without deciding the applicability of the principle of justification to a prosecution of a felon in possession of a weapon, there was no evidence from which the jury could infer any theory of defense founded upon the law of justification, for justification could not apply at the point in time when she left the residence. The inference was that it might have applied sooner.
[8] In State v. Holt, 493 A.2d 483 (N.H.1985) wherein the charge was ownership and possession of a firearm by a convicted felon, the Supreme Court of New Hampshire held that the evidence was sufficient to prove an absence of justification and that the jury's verdict of guilt was supported by the evidence. In People v. King, 22 Cal.3d 12, 148 Cal.Rptr. 409, 582 P.2d 1000 (1978), the California Supreme Court in holding that in limited circumstances justification is a defense stated: "Thus, when a member of one of the affected classes is in imminent peril of great bodily harm or reasonably believes himself or others to be in such danger, and without preconceived design on his part a firearm is made available to him, his temporary possession of that weapon for a period no longer than that in which the necessity or apparent necessity to use it in self-defense does not violate section 12021." 148 Cal.Rptr. at 416, 582 P.2d at 1007.
[9] In light of the fact that the trial judge gave such an extensive charge (which we now deem appropriate as well) on self-defense and defense of others, it can hardly be argued that in this case the jury's exoneration applied only as to defendant's possessing the weapon, and not as to his discharging it.