# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #045

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **3rd day of September, 2014**, are as follows:

**PER CURIAM**:

2013-K -1917        STATE OF LOUISIANA v. JOSEPH PERKINS (Parish of Orleans)
                    (Possession of a "Shank" by a Convicted Felon)

                    For these reasons, we hold the Court of appeal erred in reversing
                    defendant's conviction and vacating his sentence. Therefore, we
                    reverse the judgment of the Court of Appeal and reinstate
                    defendant's conviction and sentence. Because the Court of Appeal
                    pretermitted consideration of defendant's other assignment of
                    error, we remand this case to the Court of Appeal to consider
                    defendant's remaining assignment of error.
                    REVERSED AND REMANDED TO THE COURT OF APPEAL.

                    JOHNSON, C.J., dissents.
                    HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

NO. 2013-K-1917

STATE OF LOUISIANA

VERSUS

JOSEPH PERKINS

ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FOURTH CIRCUIT, PARISH OF ORLEANS

**PER CURIAM**

This writ concerns whether defendant, Joseph Perkins, is entitled to jury instructions on self-defense and justification for the charged offense of possession of a "shank" by a convicted felon, a violation of Louisiana Revised Statute 14:95.1, while he was incarcerated in Orleans Parish Prison.[1] Prior to instructing the jury on the relevant law, the District Court denied the defendant's motion for these special self-defense and justification instructions on the grounds the evidence elicited at trial as a factual matter did not support the defendant's entitlement to the instructions. At the trial's conclusion, the jury found defendant guilty of the charged offense.[2] The District Court sentenced defendant to 15 years imprisonment at hard labor. Defendant appealed, and the Court of Appeal reversed in a split panel decision, finding the District Court erred in denying defendant the proposed instructions on self-defense and justification. *State v. Perkins*, 12-0662 (La. App. 4 Cir. 7/31/13), 120 So.3d 912 (Lobrano, J., dissenting). We granted the State's writ application to review the correctness of the Court of Appeal's decision. *State v. Perkins*, 13-1917 (La. 3/21/14), 135 So.3d 626. Because we find the Legislature

---

[1] We dispose of this case on a purely legal issue. The specific facts concerning this case are fully reported in the Court of Appeal's opinion. *State v. Perkins*, 12-0662, pp. 2-6 (La. App. 4 Cir. 7/31/13), 120 So.3d 912, 914-16.

[2] After the jury rendered its verdict, defendant made a motion for arrest of judgment, a motion for a new trial, and a request for stay, all of which the District Court denied.

never intended for the jury instructions on self-defense and justification to apply to a defendant who was charged with possession of a concealed weapon while incarcerated, the Court of Appeal erred as a matter of law in reversing defendant's conviction and sentence.

A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. La.C.Cr.P. art. 807; *see also State v. Johnson*, 438 So.2d 1091, 1097 (La. 1983); *State v. Lane*, 414 So.2d 1223, 1228 (La. 1982). The charge, however, must be supported by the evidence. *State v. Teleford*, 384 So.2d 347, 350 (La. 1980). This is a corollary of the trial judge's basic obligation to charge the jury as to the law applicable to the case, under which he is required to cover every phase of the case supported by the evidence whether or not accepted by him as true. La.C.Cr.P. art. 802; *State v. Simmons*, 422 So.2d 138, 141 (La. 1982); *State v. Miller*, 338 So.2d 678, 679 (La. 1976). Moreover, failure to give a requested jury instruction constitutes reversible error only when there is a miscarriage of justice, prejudice to substantial rights of the accused, or a substantial violation of a constitutional or statutory right. La.C.Cr.P. art. 921; *State v. Marse*, 365 So.2d 1319, 1324 (La. 1978).

Louisiana Revised Statute 14:18 lists seven circumstances under which a defendant may raise the defense of justification, including, as pertinent here, "[w]hen the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22." La. R.S. 14:18(7). Specifically, Louisiana Revised Statute 14:19, concerning the use of force or violence in defense, provides in pertinent part:

> The use of force or violence upon the person of another is justifiable when committed for the purpose of preventing a forcible offense against the person or a forcible offense or trespass against property in a person's lawful possession, provided that the force or violence used must be reasonable and apparently necessary to prevent such offense,

and that this Section shall not apply where the force or violence results in a homicide.

La. R.S. 14:19(A).

This Court has never addressed the specific issue of whether a justification defense is available to a defendant who was an ***inmate*** in a penal institution at the time he allegedly possessed a firearm or a concealed weapon in violation of Louisiana Revised Statute 14:95.1. However, the Court has addressed the analogous but distinct issue of whether or not an ***unincarcerated*** convicted felon charged with possessing a firearm or carrying a concealed weapon is entitled to the justification instruction.

In *State v. Blache*, 480 So.2d 304 (La. 1985), the defendant, who had previously been convicted of simple burglary, was charged, *inter alia*, with possession of a firearm by a convicted felon after he ran into his father's house and brought out his brother-in-law's loaded shotgun in the midst of a scuffle with his friend and five attackers. Although the defendant was acquitted of the possession of a firearm by a convicted felon charge, this Court had to determine whether or not the defendant was entitled to the self-defense jury instruction in order to reach one of defendant's assignments of error. We found that, under these circumstances, the defendant was entitled to the instruction:

> We hold that when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others. In such situation [sic] justification is a defense to the charge of felon in possession of a firearm.

> This is not to say that a convicted felon is entitled to own or maintain possession of a weapon, constructive possession or otherwise, for protection, or for any other reason. In this case, incidentally, as was noted hereinabove at footnote three, the record reflects no information concerning pre-incident possession of the shotgun other than that it belonged to defendant's brother-in-law and was kept in a hall closet of a residence owned by defendant's father. There was no evidence of constructive possession of the shotgun by defendant preceding the encounter.

3

*State v. Blache*, 480 So.2d at 308.

While the *Blache* defendant was entitled to the justification jury instruction, we find this matter readily distinguishable. Under the *Blache* facts, the firearm defendant carried in violation of Revised Statute 14:95.1 was capable of legal possession by *someone*, that is, anyone who was not a convicted felon, because under this statute possession of a firearm is *not* inherently criminal. Rather, its possession is only criminal in the hands of a convicted felon. Indeed, the *Blache* Court emphasized, prior to the incident, there was no evidence defendant illegally possessed the firearm. Rather, the shotgun at issue was owned by defendant's brother-in-law and housed in a residence owned by defendant's father.

In the *penal context*, however, there is *no scenario* in which possession of the "shank" at issue here would be permissible. Not only do Department of Corrections regulations prohibit inmates from possessing weapons, LAC 22:I.341(I)(1), but Louisiana Revised Statute Section 14:402 also prohibits *any person* from "introduc[ing]" or "possess[ing]" a "dangerous weapon, or other instrumentality customarily used or intended for probable use as a dangerous weapon…, unless authorized by the warden of the institution." Thus, in the penal context, possession of a weapon by anyone is *inherently* criminal. *State v. Draughter*, 13-0914, p. 15 (La. 12/10/13), 130 So.3d 855, 866 ("The right to keep and bear arms found in article I, section 11 is one such constitutional protection which must be curtailed entirely in the prison setting."). This is so not because the possession of a concealed "shank" by a felon is somehow more criminal than the possession of a firearm by a felon, but because the possession of a "shank" or any dangerous weapon in this *place*, i.e., inside prison walls, by any person without authorization is absolutely forbidden under Louisiana law.

The Legislature's decision to criminalize the possession of *any* dangerous weapon by *any* unauthorized person in a prison setting strongly suggests the

4

Legislature never intended for the jury instructions on self-defense and justification to extend to defendants who possessed a firearm or a concealed weapon *inside prison walls*. *See State v. Johnson*, 03-2993, p. 12 (La. 10/19/04), 884 So.2d 568, 575 ("[T]he paramount consideration in statutory interpretation is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact the law."); *State v. Theriot*, 95-2895, p. 3 (La. 5/20/97), 694 So.2d 184, 186 ("Legislative intent is the fundamental question in all cases of statutory interpretation; rules of statutory construction are designed to ascertain and enforce the intent of the statute."). To conclude otherwise would render toothless a law aimed at protecting prisoners and those who guard them by deterring inmates from possessing dangerous weapons inside prison.

For these reasons, we hold the Court of Appeal erred in reversing defendant's conviction and vacating his sentence. Therefore, we reverse the judgment of the Court of Appeal and reinstate defendant's conviction and sentence. Because the Court of Appeal pretermitted consideration of defendant's other assignment of error, we remand this case to the Court of Appeal to consider defendant's remaining assignment of error.

**REVERSED AND REMANDED TO THE COURT OF APPEAL.**

09/03/14

# SUPREME COURT OF LOUISIANA

# NO. 2013-K-1917

# STATE OF LOUISIANA

# VERSUS

# JOSEPH PERKINS

# ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
# FOURTH CIRCUIT, PARISH OF ORLEANS

**JOHNSON**, C.J. dissents

**SUPREME COURT OF LOUISIANA**

**No. 2013-K-1917**

**STATE OF LOUISIANA**

**VERSUS**

**JOSEPH PERKINS**

**On Writ of Certiorari to the Fourth Circuit Court of Appeal,**

**Parish of Orleans**

**HUGHES, J., dissenting.**

I respectfully dissent.  As noted in the majority opinion, defendant suffered wounds to his head, arms, chest, and neck.  His blood was on the handle of one of the shanks, so he must have already been bleeding when he grasped it.  After his antagonist and his weapons were secured, defendant voluntarily surrendered his.  I agree with the court of appeal that defendant is entitled to an instruction of self-defense and justification.