STATE OF LOUISIANA

VERSUS

EZEKIEL BROWN

NO. 24-KA-16

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-4229, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

October 30, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Stephen J. Windhorst

**AFFIRMED**
    **JGG**
    **MEJ**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
  Honorable Paul D. Connick, Jr.
  Thomas J. Butler
  Matthew R. Clauss

COUNSEL FOR DEFENDANT/APPELLANT,
EZEKIEL BROWN
  Prentice L. White

**GRAVOIS, J.**

Defendant, Ezekiel Brown, appeals his conviction of felon in possession of a firearm, a violation of La. R.S. 14:95.1, committed on or about August 1, 2023. On appeal, he argues that, in the State's rebuttal case, the trial judge erred when he allowed the introduction of testimony in violation of the court's previous ruling denying the State's request to admit evidence of other crimes, pursuant to La. C.E. art. 404(B). For the following reasons, we find no merit to the assignment of error. Defendant's conviction and sentence are affirmed.

## PROCEDURAL HISTORY

On September 7, 2023, the Jefferson Parish District Attorney filed a bill of information charging defendant, Ezekiel Brown, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1, on or about August 1, 2023.[1] Defendant was arraigned and entered a plea of not guilty on September 8, 2023.

On October 17, 2023, the State filed several pretrial motions, including "State's Notice of Intent to Use Res Gestae Evidence/Request for Simultaneous Trials." The motion indicated that the State intended to try defendant for the instant charge of La. R.S. 14:95.1, while simultaneously trying him in case number 23-4230 for violating La. R.S. 14:102.1(A), cruelty to animals.[2]

The State also filed "State's Notice of Intent to Introduce Evidence as Res Gestae or in the Alternative Under La. C.E. Article 404(B)." The motion argued for the admission of defendant's outstanding attachment. The motion was granted

---

[1] The bill of information alleges that defendant possessed "a Raven Arms P-25 semi-automatic handgun, SN: 595514." The bill further alleges that defendant was previously convicted of the crime of "Possession of Buprenorphine (Suboxone) (La. R.S. 40:968), under case number 22-2797 on December 09, 2022, in Division L of the 24th Judicial District Court, Parish of Jefferson."

[2] When defendant was arrested, nine pit bulls in poor condition were found on the property. The motion stated that both crimes "occurred during the same transaction or occurrence, at the same location, involve the same witnesses, and as such are *res gestae*." The motion was granted, with the trial judge stating he would "do it outside of the presence of the jury."

in part and denied in part. The court allowed the State to mention defendant's attachment, but limited the State on introducing testimony regarding the nature of the detective's investigation surrounding the residence. The court stated it would allow testimony regarding an investigation, but not a "narcotics investigation."

The State also filed "State's Notice of Intent to Introduce Evidence Under La. C.E. Article 404(B)." The State argued for the admission of the evidence seized from the residence in which defendant resided pursuant to the search warrant, namely a .22 caliber long rifle. The court denied the motion.

A jury trial commenced the same day, October 18, 2023, after the aforementioned pretrial rulings. On that date, the jury returned a verdict of guilty as charged. After defendant waived sentencing delays, the court sentenced defendant to five years imprisonment with the Department of Corrections without the benefit of probation, parole, or suspension of sentence. A timely motion for appeal was filed on October 19, 2023, which the court granted the next day.

## FACTS

Detective Jeremy Budo, a detective with the narcotics division of the Jefferson Parish Sherriff's Office ("JPSO"), participated in an investigation on August 1, 2023 of a residence at 324 Marrero Road in Jefferson Parish for narcotics trafficking. Defendant, Ezekiel Brown, was observed standing outside the residence by surveillance officers. Detective Budo testified that another detective recognized defendant from a prior investigation. A criminal history check was conducted, and an outstanding attachment for an arrest from Jefferson Parish was discovered for defendant. Defendant was arrested once he left the residence.

After defendant was arrested, a loaded firearm was seized from his pocket.[3] Ammunition and defendant's cell phone were also seized. Defendant was read his *Miranda*[4] rights; he told Detective Budo that he had the firearm for "shooting ducks."[5] Further investigation revealed that defendant had a prior conviction for possession of Suboxone from December 2022, to which the parties stipulated at trial.

Detective Cody Foret, a detective with JPSO's narcotics division, testified that he participated in the investigation involving defendant that took place on August 1, 2023. He first encountered defendant while observing him exiting the residence at 324 Marrero Road. Defendant was taken into custody because of an attachment for him from Jefferson Parish. Detective Foret participated in the arrest. A search of defendant's person incident to his arrest was conducted, and a silver firearm with a wood grip was recovered from his right pocket.

Detective Foret was equipped with a body-worn camera during defendant's arrest. The camera footage was played for the jury. The footage, identified by Detective Foret, showed defendant walking and Detective Foret holding a taser in his hands. The footage also showed a .25 caliber firearm being pulled out of defendant's pocket. The footage partially showed Detective Foret removing the magazine from the firearm, which he testified was done to eject any rounds that may have been in the chamber to ensure everyone's safety. Detective Foret testified that the gun was loaded.

---

[3] Later testing at the crime lab revealed the firearm was fully functional.

[4] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[5] Detective Budo explained that defendant made the statement about using the gun for shooting ducks while they were having a casual conversation at the investigations bureau. The camera in the interview room was not turned on, and Detective Budo was alone with defendant when he made the statement. On the date of trial, defense counsel stated that he waived any substantive motions relative to the motion to suppress. Defense counsel agreed with the State that no statement was unconstitutionally obtained.

At trial, defendant did not dispute he had a firearm in his possession when he was arrested on August 1, 2023. Defendant claimed he had a gun in his possession because he had been shot in his leg two weeks after getting released from jail on the Suboxone arrest. He testified he did not know who shot him and the gun was for his protection. He explained the shooting occurred when he was walking home from cutting grass one night, a car stopped, and someone started shooting at him. He limped to someone's house and got the person to call 9-1-1. He was taken to West Jefferson Hospital, where he was treated for his gunshot wound. Defendant testified he knew he could not possess a firearm while on probation, but the shooter was never found, and he was dealing with "PTSD."[6] He stated he was scared to go outside and was trying to protect his life. Defendant testified he filed a police report, but nothing ever resulted from it. At that point, the defense rested.

Following defendant's testimony, the State moved to present testimony to rebut defendant's statement that he was in possession of a firearm for his protection after being shot in the leg. Defense counsel objected to the State's request, arguing that presenting such rebuttal testimony was improper cross-examination because it would violate the court's pretrial ruling on the La. C.E. art. 404(B) motion. The court overruled the objection and permitted the State to present this rebuttal testimony to impeach defendant's testimony.

The State recalled Detective Budo as a rebuttal witness. On rebuttal, Detective Budo testified that defendant never made a statement to him that he was the victim of a shooting or that he had a firearm for self-defense. He stated defendant never told him he was afraid for his life and never gave him an item number for an incident where he may have called the police. Detective Budo testified that the nature of the investigation on August 1, 2023 was due to a

---

[6] "PTSD" is an acronym for "Post-traumatic Stress Disorder."

complaint of narcotics trafficking from the residence located at 324 Marrero Road where defendant was observed going in and out of repeatedly. A search of 324 Marrero Road was conducted and narcotics were located in the residence. Another firearm was also located in the residence.[7] Detective Budo testified that nine pit bulls in poor condition were located in the rear of the residence in a partitioned-off area. He learned that defendant resided in this area of the residence. Detective Budo testified that in his experience as a narcotics detective, it was common for someone who dealt drugs to have firearms to protect themselves and their business due to the dangerous nature of the "profession."

Following the rebuttal testimony, the case went to the jury, who returned a verdict of guilty as charged.

## ASSIGNMENT OF ERROR

In his only assignment of error, defendant argues that the State improperly used its rebuttal witness to introduce "other crimes" evidence, in violation of the court's previous ruling to deny the State's pretrial motion to admit other crimes evidence pursuant to La. C.E. art. 404(B), to refute his testimony.

Defendant avers that based on his testimony of his reason for possessing a firearm, the State did not prove he had the requisite general intent to violate the court's restriction of gun possession due to his 2022 felony conviction. Defense counsel lodged an objection to the calling of Detective Budo as a rebuttal witness because he believed his testimony would violate the pretrial ruling on the Article 404(B) motion. The court overruled the objection and permitted the State to question the witness as to the purpose behind the surveillance of the Marrero Road residence. Defendant contends the detective's testimony alluded to the fact that defendant was a person of "bad character" and he was shot because he was

---

[7] The other firearm, a rifle, was admitted as State's Exhibit 5. Detective Budo testified that the rifle was found on the roof of an adjoining building on the property.

"supposedly" engaged in illegal drug activities. Consequently, the jury convicted him because "it considered the shooting as a consequence of his bad behavior." Defendant asks that his conviction be reversed because the trial court improperly allowed the State to use "other crimes" evidence to support its burden of proof.

The State responds that defendant's assignment of error was not preserved for appeal. The State notes that the trial court declined to rule in advance on the admissibility of the State's witness's rebuttal testimony, and instead instructed defense counsel to object on a question-by-question basis. When the court stated it would allow for impeachment purposes what it had previously excluded for Article 404(B) purposes, defense counsel did not object on any grounds. The State points to occasions when defense counsel did object during the rebuttal testimony, none of which were on the grounds of an Article 404(B) violation. As such, the State argues that pursuant to La. C.E. art. 103, the argument is not preserved for appeal, and the claim is thus procedurally defaulted.

Next, the State argues that defendant "opened the door" to rebuttal evidence when he placed his reason for possessing the firearm into question, and the State had a right to introduce contradictory evidence. The State argues that in the instant matter, evidence tending to show defendant was engaged in narcotics trafficking was evidence tending to show an alternative explanation for his gun possession. The State also argues that additionally, because the evidence related to defendant's motive, the rebuttal testimony was specifically excepted under La. C.E. art. 404(B).

Finally, the State argues that any error in the admission of the State's rebuttal evidence was harmless because the verdict rendered was surely unattributable to any error in the introduction of the State's rebuttal evidence. The State notes that through his own testimony, defendant admitted every element of possession of a firearm by a convicted felon. The State further argues that

defendant's purported "defense" was not a defense as a matter of law because the reason for possession a firearm was irrelevant to the offense.[8]  The State concludes that defendant convicted himself without ever making a valid defense.

As previously noted, Detective Budo testified on rebuttal that defendant never made a statement to him that he was the victim of a shooting or that he had a firearm for self-defense.  He also stated that defendant never disclosed to him that he was scared for his life and did not give him an incident number for a past occurrence where he may have made a report to the police.  Detective Budo testified that the nature of the investigation on the date of defendant's arrest was due to a complaint regarding narcotics trafficking from the residence that defendant was observed going in and out of repeatedly.  He testified that narcotics and a rifle were located in the residence.  Detective Budo explained that in his experience, it was common for someone who dealt drugs to have firearms for protection when drug dealing.

Defense counsel's only lodged objections during Detective Budo's testimony on rebuttal were based on relevancy, hearsay, and scope.

La. C.E. art. 103(A) provides:

A. Effect of erroneous ruling.  Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

    (1) Ruling admitting evidence.  When the ruling is one admitting evidence, a timely objection or motion to admonish the jury to limit or disregard appears of record, stating the specific ground of objection; or

    (2) Ruling excluding evidence.  When the ruling is one excluding evidence, the substance of the evidence was made known to the court by counsel.

La. C.Cr.P. art. 841(A) provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.  *State v.*

---

[8] The State acknowledges two exceptions to the rule, justification and necessity, which it argues do not apply in the instant matter.

*McGowan*, 16-130 (La. App. 5 Cir. 8/10/16), 199 So.3d 1156, 1161, *writ not considered sub nom. State ex rel. McGowan v. State*, 17-1675 (La. 10/27/17), 228 So.3d 1227; *State v. Berroa-Reyes*, 12-581 (La. App. 5 Cir. 1/30/13), 109 So.3d 487, 498. Defendant is not only limited on appeal to matters to which an objection was made, but also to the grounds for his objection articulated at trial. *See also State v. Jackson*, 450 So.2d 621 (La. 1984); *McGowan, supra.*

In *State v. Patin*, 13-618 (La. App. 5 Cir. 9/24/14), 150 So.3d 435, 443, *writ denied*, 14-2227 (La. 4/22/16), 191 So.3d 1043, this Court found that the admission of other crimes evidence was not reviewable where defendant failed to contemporaneously object to its admission. The State filed a pretrial notice of intent to introduce other crimes, wrongs, or acts committed by the defendant, pursuant to La. C.E. art. 404(B), and the trial court granted the motion. *Id.* at 436-37. On appeal, the defendant argued that the trial court erred when it allowed the State to introduce evidence for his arrest for narcotics offenses in New Orleans, which occurred less than a month prior to his arrest for the charges he was convicted of. *Id.* at 442. This Court found that the defendant did not object to the testimony regarding other pending charges or to the admission of related evidence. This Court further stated that although the defendant had made a pretrial objection to the trial court's ruling granting the Article 404(B) motion, he consented at trial to the admission of the evidence and therefore was precluded from raising the issue on appeal.

As discussed, in the instant matter after the court ruled the State was entitled to rebut the defense, the court stated it would take the police officer's testimony "one question at a time" and instructed defense counsel to object at each question. The record does not reflect that defense counsel objected to the trial court's ruling, or that defense counsel objected to any questions asked by the State on rebuttal on

the grounds of an Article 404(B) violation. We find that because the issue was not

preserved, defendant is precluded from raising the issue on appeal.

In any event, La. C.E. art. 404(B) provides, in pertinent part:

B. Other crimes, wrongs, or acts; creative or artistic expression.
(1)(a) Except as provided in Article 412 or as otherwise provided
by law, evidence of other crimes, wrongs, or acts is not admissible
to prove the character of a person in order to show that he acted in
conformity therewith. It may, however, be admissible for other
purposes, such as proof of motive, opportunity, intent, preparation,
plan, knowledge, identity, absence of mistake or accident, provided
that upon request by the accused, the prosecution in a criminal case
shall provide reasonable notice in advance of trial, of the nature of
any such evidence it intends to introduce at trial for such purposes,
or when it relates to conduct that constitutes an integral part of the
act or transaction that is the subject of the present proceeding. …[9]

La. C.E. art. 611(E) provides that the State in a criminal prosecution shall

have the right to rebut evidence adduced by their opponents. Rebuttal evidence is

that which explains or disproves. *State v. Jones*, 08-20 (La. App. 5 Cir. 4/15/08),

985 So.2d 234, 243-44 (citing *State v. Tilley*, 99-569 (La. 7/6/00), 767 So.2d 6, 23,

*cert. denied*, 532 U.S. 959, 121 S.Ct. 1488, 149 L.Ed.2d 375 (2001)).

The notice requirements of La. C.E. art. 404(B) do not apply to other crimes

evidence offered on rebuttal. *Id.*, citing *State v. Parent*, 02-835 (La. App. 5 Cir.

12/30/02), 836 So.2d 494, 505, *writ denied*, 03-0491 (La. 10/31/03), 857 So.2d

472. The determination of whether the evidence is rebuttal evidence and,

therefore, is admissible is an issue that is addressed to the sound discretion of the

trial court. *Id.*, citing *Tilley*, *supra*. The trial court's determination will not be

disturbed except in extreme cases, as where the evidence has been kept back

---

[9] In order for other crimes evidence to be admitted under La. C.E. art. 404(B)(1), the
"other crimes" evidence must be admitted for other purposes, such as those listed in Article
404(B)(1), having some independent relevance, or be an element of the crime charged in order
for the evidence to be admissible. *State v. Prieur*, 277 So.2d 126 (La. 1973). The fundamental
rule in Louisiana governing the use of evidence of other crimes, wrongs, or acts is that such
evidence is not admissible to prove the accused committed the charged crime because he has
committed other such crimes in the past or to show the probability he committed the crime in
question because he is a man of criminal character. *State v. Shorter*, 23-128 (La. App. 5 Cir.
11/29/23) 377 So.3d 421, 436 (citing *State v. Lee*, 05-2098 (La. 1/16/08), 976 So.2d 109, 139,
*cert. denied*, 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008)).

deliberately and for the purpose of deceiving and obtaining an undue advantage. *State v. Amato*, 96-606 (La. App. 1 Cir. 6/30/97), 698 So.2d 972, 987, *writs denied*, 97-2626, 97-2644 (La. 2/20/98), 709 So.2d 772.

In the instant matter, defense counsel asked defendant why he possessed the gun, and defendant testified that it was for his protection. The court ruled that the State was able to rebut the defense by presenting testimony of Detective Budo.

Upon review, we find that the court did not err in allowing the rebuttal testimony of Detective Budo, once the door was opened by defendant's trial testimony.

Furthermore, even if the trial court erred in allowing admission of the rebuttal evidence, the erroneous admission of the evidence is subject to a harmless error analysis. *See State v. Magee*, 22-635 (La. App. 4 Cir. 3/20/23), 382 So.3d 155, 165 (citing *State v. Session*, 21-118 (La. App. 4 Cir. 12/14/21), 332 So.3d 729, 737). *See also Jones*, *supra*.[10] In determining harmless error, it is "not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in the trial was surely unattributable to the error." *State v. Massey*, 11-358 (La. App. 5 Cir.

---

[10] In *Jones*, *supra*, the defendant argued that the trial court erred when it denied his motion for a mistrial after a detective testified on rebuttal as to evidence of another crime. The defendant claimed that it was elicited to portray him as a person of criminal character, the testimony denied him a fair trial, there was no *Prieur* hearing, and it was not relevant. *Jones*, 985 So.2d at 242. This Court discussed La. C.E. art. 404(B), law regarding mistrials, and rebuttal evidence. *Id.* at 243-44. This Court found that the State elicited the testimony of the detective in order to impeach the defendant and rebut specific issues of fact raised during his testimony that were not objected to by the defense. *Id.* at 244. This Court stated that even if the testimony was improperly admitted, the introduction of inadmissible other crimes evidence was subject to a harmless error analysis, and found that the State had presented overwhelming evidence of the defendant's guilt. This Court stated that the guilty verdict "was surely unattributable to the statement made by Detective Peterson that might have alluded to another crime allegedly committed by the defendant." *Id.*

In the instant matter, Detective Budo's testimony was in reference to the nature of the investigation surrounding defendant (a narcotics investigation) and additional evidence found in the residence. Whether the testimony is characterized as rebuttal testimony or "other crimes evidence," both are subjected to a harmless error analysis.

3/27/12), 97 So.3d 13, 29, *writ denied sub nom. State ex rel. Massey v. State*, 12-993 (La. 9/21/12), 98 So.3d 332.

Even if the trial court erroneously admitted the rebuttal testimony, the error was harmless, given the other evidence of defendant's guilt presented at trial. In order to convict a defendant of possession of a firearm by a convicted felon, the State must prove beyond a reasonable doubt that the defendant had: 1) possession of a firearm; 2) a prior conviction for an enumerated felony; 3) an absence of the ten-year statutory period of limitation; and 4) the general intent to commit the offense. *State v. Faciane*, 17-224 (La. App. 5 Cir. 11/15/17), 233 So.3d 195, 205, *writ denied*, 17-2069 (La. 10/8/18), 253 So.3d 797. Evidence was presented by the State that defendant possessed a firearm at the time of his arrest. Defendant admitted to possessing the firearm. The defense and the State stipulated that defendant was previously convicted of a felony, namely La. R.S. 40:968(C), possession of Suboxone. As pointed out by the State, defendant agreed he was "the same Ezekiel Brown that pled guilty to possession of Suboxone in December of 2022" and that he knew as part of the plea he would be giving up his right to possess a firearm for up to ten years after the completion of his sentence. Defendant also stated he knew he would be on probation for the first two years after the conviction and he knew he was on probation on August 1, 2023. Considering the other evidence presented at trial, we find that the guilty verdict rendered by the jury was surely unattributable to the admission of the rebuttal testimony and that any error in its admission was harmless.[11]

---

[11] Defendant testified that he possessed the gun for protection. Defendant does not argue on appeal that he possessed the gun for protection.

In *State v. Crawford*, 03-1494 (La. App. 5 Cir. 4/27/04), 873 So.2d 768, 785, *writ denied sub nom. State ex rel. Crawford v. State*, 04-1744 (La. 5/6/05), 901 So.2d 1083, this Court discussed the Louisiana Supreme Court's decision in *State v. Blache*, 480 So.2d 304, 308 (La. 1985), which held that a felon may justifiably possess a weapon for self-defense situations. This Court explained that per *Blache*, in order to prove the defense of justification, a "defendant must show he was in imminent peril of great bodily harm, or reasonably believed himself or others to

## ERRORS PATENT REVIEW

The record was reviewed for errors patent according to La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5th Cir. 1990). We find no errors patent that require correction.

## DECREE

For the reasons stated above, defendant's conviction and sentence are affirmed.

## AFFIRMED

---

be in such danger. If so, then he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others." *Id.*

In the instant matter, defendant testified that he was shot two weeks after his release for the possession of Suboxone conviction in December 2022. The arrest in the instant matter occurred on August 1, 2023. Defendant did not testify that there was an imminent or apparent threat of force at the time he was arrested that would lead to his possession of the firearm for his protection.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 30, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KA-16**

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
MATTHEW R. CLAUSS (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

### MAILED
PRENTICE L. WHITE (APPELLANT)          HONORABLE PAUL D. CONNICK, JR.
ATTORNEY AT LAW                        (APPELLEE)
LOUISIANA APPELLATE PROJECT            DISTRICT ATTORNEY
16731 CICERO AVENUE                    TWENTY-FOURTH JUDICIAL DISTRICT
BATON ROUGE, LA 70816                  200 DERBIGNY STREET
                                       GRETNA, LA 70053